-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL MCKEEHAN,

                    Petitioner,

                                                05-CV-0454E

          -v-
                                                MEMORANDUM and ORDER

ANTHONY ZON, Superintendent of the
Wende Correctional Facility,

                    Defendant.

_____

        On July 5, 2005, the Court directed petitioner, who is represented by counsel, to

inform the Court, by way of a "Petitioner's § 2254 Unexhauste d Claims Response Form,"

how he wished to proceed in this matter because the petition admitted that one of the

claims raised--*viz.*, ineffective assistance of trial and appellate counsel (Docket No. 1,

Petition, ¶ ¶ 22(b), 23)--had not been exhausted.  Petitioner was asked to identify what

claims were unexhausted and to choose which one of four options he wanted to proceed

under.  The First Option allows a petitioner to file an amended petition which raises only

those grounds that are exhausted and informs petitioner of the second and successive

petition "rule" under 28 U.S.C. § 2244(b).  The Second Option allows a petitioner to choose

to withdraw the entire petition to permit him to return to state court and exhaust the

unexhausted claims and informs petitioner of the one-year period of limitations and the

tolling provisions set forth in 28 U.S.C. § 2244(d)(1)-(2).  The Third Option informs

petitioner of the stay and abeyance approach, *see Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.);

*see also Rhines v. Weber*, 544 U.S. ___, 125 S.Ct. 1528, 1534-35, 161 L.Ed.2d 440, 450

(2005) (approving the stay and abeyance approach of *Zarvela* but only in those situations where there was a showing of "good cause" for the petitioner's failure to exhaust the claims in state court and that the unexhausted claims are not "plainly meritless."). The Fourth Option informs a petitioner that if he is procedurally barred from now exhausting the unexhausted claims in state court, he would need to establish cause and prejudice before the Court could review the procedurally barred claims.

Petitioner's counsel's filed the Response Form on August 4, 2005, but only identifies what claims are unexhausted--*viz.*, the ineffective assistance of trial and appellate counsel. (Docket No. 3).[1] He completely fails to indicate what "Option" he wishes to proceed under and, therefore, leaves intact a petition which contains two admittedly unexhausted claims. Since the Court may not grant a petition which contains unexhausted claims, 28 U.S.C. § 2254(b)(1), and petitioner's counsel has not advised the Court as to how he wants to proceed with respect to the unexhausted claims, the Court, so as not to further prejudice petitioner's claims herein, will provide petitioner an additional opportunity to complete the Response Form and choose an "Option" or to take whatever action he deems necessary in an attempt to preserve the unexhausted claims. If petitioner fails to file the Response

---

[1]Petitioner's counsel's enclosure letter to the Court, dated August 4, 2005, states that the Court in its Order, dated July 5, 2005, noted that there was an additional unexhausted claim, to wit: that petitioner was denied a right to a jury trial, but that such a claim was not raised in the petition inasmuch as the underlying criminal prosecution was not a capital case and that the only claim raised in the petition relative to petitioner's sentence was a claim that the sentence was harsh and excessive. The Court notes, however, that ¶ 22(f), Ground Six of the Petition alleges: "The sentence which the Court imposed against Petitioner was in violation of Petitioner's right to demand a jury trial. Further the failure of the trial court to memorialize the pre-trial plea negotiations violated Petitioner's constitutional rights." The factual basis of this claim is that Petitioner was offered in plea negotiations a determinate sentence of eight years, a sentence that the trial court "sanctioned," and that, since the trial court failed to record the plea negotiations, Petitioner was penalized by exercising his right to a jury trial. None of the other grounds raised in the Petition allege that the sentence was harsh and excessive.

Form or provide the Court with some indication as to how he will proceed in this matter in relation to the unexhausted claims **by September 12, 2005**, the unexhausted claim of ineffective assistance of trial and appellate counsel will be dismissed without further order or notice to petitioner's counsel.

     SO ORDERED.

DATED:     Buffalo, New York
                 August 15, 2005

                                             JOHN T. ELFVIN
                            UNITED STATES DISTRICT JUDGE