FILED
U.S. DISTRICT COURT
W.D.N.Y. ROCHESTER
2005 OCT -4 PM 4:18

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL MCKEEHAN,

Petitioner,

-v-

ANTHONY ZON, Superintendent of the Wende Correctional Facility,

Defendant.

05-CV-0454E

MEMORANDUM and ORDER

On July 5, 2005, the Court directed petitioner, who is represented by counsel, to inform the Court, by way of a "Petitioner's § 2254 Unexhausted Claims Response Form" ("§ 2254 Response Form"), how he wished to proceed in this matter because in the petition it is admitted that one of the claims raised--*viz.*, ineffective assistance of trial and appellate counsel (Docket No. 1, Petition, ¶¶ 22(b), 23)--is not exhausted. Petitioner was asked to identify what claims were unexhausted and to specifically note on the § 2254 Response Form which one of four options he wished to proceed under. The First Option allows a petitioner to file an amended petition which raises only those grounds that are exhausted and informs petitioner of the second or successive petition "rule" under 28 U.S.C. § 2244(b). The Second Option allows a petitioner to choose to withdraw the entire petition to permit him to return to state court and exhaust the unexhausted claims and informs petitioner of the one-year period of limitations and the tolling provisions set forth in 28 U.S.C. § 2244(d)(1)-(2). The Third Option informs petitioner of the stay and abeyance approach, *see Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.), *cert. denied sub. nom. Fischer v. Zarvela*, 534 U.S. 1015 (2d Cir.2001); *see also Rhines v. Weber*, 544 U.S. ___, 125 S.Ct. 1528, 1534-35, 161 L.Ed.2d 440, 450

(2005) (approving the stay and abeyance approach of *Zarvela* but only in those situations where there was a showing of "good cause" for the petitioner's failure to exhaust the claims in state court and that the unexhausted claims are not "plainly meritless."). The Fourth Option informs a petitioner that if he is procedurally barred from now exhausting the unexhausted claims in state court, he would need to establish cause and prejudice before the Court can review the merits of the procedurally barred claims.

On August 4, 2005, Petitioner's counsel's filed the § 2254 Response Form (Docket No. 3) and while he properly identified what claim was unexhausted--*viz.*, ineffective assistance of trial and appellate counsel--he failed to indicate what "Option" he wished to proceed under and, therefore, he left intact a "mixed" petition which contained both exhausted and unexhausted claims. Petitioner's counsel was thus advised that since the Court could not grant a petition which contains unexhausted claims, 28 U.S.C. § 2254(b)(1), and that since he failed to advise the Court as to how he wished to proceed in this matter in light of the unexhausted claim, the Court, so as not to further prejudice petitioner's claims herein, would provide him an additional opportunity to complete the § 2254 Response Form and to choose an Option or to take whatever action he deemed necessary to preserve the unexhausted claim raised in the petition. Petitioner's counsel was also advised that if he did not re-file a § 2254 Response Form or provide the Court with some indication as to how he wished proceed in this matter in relation to the unexhausted claim by September 12, 2005, the unexhausted claim of ineffective assistance of trial and appellate counsel would be dismissed without further order or notice to petitioner's counsel. (Docket No. 4).

Petitioner's counsel's time to re-file a § 2254 Response Form or to advise the Court how he wished to proceed in this matter has passed and the Court has received nothing from him in response

to the Court's Order but, because of the holding in *Rose v. Lundy*, 455 U.S. 509 (1982), the Court cannot *sua sponte*, as stated in its earlier Order, dismiss the unexhausted claim and allow the exhausted claims to proceed. In *Rose*, the Supreme Court held that federal district courts were required to dismiss without prejudice mixed petitions and provide petitioners the opportunity to return to state court to exhaust the unexhausted claims raised in their federal habeas petitions before re-filing their habeas petitions in federal court or amending the habeas petition to present only exhausted claims. *Id.* at 522. However, because of the enactment of the one-year limitations period, 28 U.S.C. § 2244(d)(1), and the later holding in *Duncan v. Walker*, 533 U.S. 167 (2001), that the time during which a federal habeas petition was pending in federal court is not tolled pursuant to 28 U.S.C. § 2244(d)(2), a dismissal of the entire petition without prejudice, as called for in *Rose,* could prejudice the exhausted claims raised in the petition because by the time a petitioner exhausted the unexhausted claims and re-filed the petition in federal court the one-year period of limitations may have expired. *See Zarvela*, 254 F.3d at380-82 (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court "where an outright dismissal 'could jeopardize the timeliness of a collateral attack." '). In order to ameliorate the potential prejudice if the court were to dismiss an entire petition under *Rose*, the Second Circuit and other Courts of Appeals advised district courts to exercise its discretion in appropriate cases to stay the exhausted claims raised in the petition, dismiss without prejudice the unexhausted claims so as to allow those claims to be exhausted in state court and allow petitioner to reinstate the previously dismissed unexhausted claims after they were exhausted, provided petitioner complied with certain conditions, *e.g.*, commence state court exhaustion

proceedings within 30 days and return to federal court within 30 days after completion of exhaustion proceedings. *Zarvela*, 254 F.3d at 381-382.[1]

Because the Court cannot dismiss only the unexhausted claims, *Rose*, 455 U.S. at 522, and because dismissing the entire petition may prejudice the exhausted claims raised in the instant petition, the Court is compelled, *albeit* begrudgingly, to provide petitioner's counsel with one more opportunity to re-file a § 2254 Response Form or advise the Court how he wishes to proceed in this matter because as the petition now stands the only option the Court has is to dismiss it in its entirety without prejudice which could forever forestall petitioner from having his federal claims addressed in this Court under 28 U.S.C. § 2254. Petitioner's options are set forth both above and in the § 2254 Response Form but before the Court can proceed it must know from petitioner's counsel how he wants to proceed. Does he simply want to file an amended petition withdrawing the unexhausted claims, which may later prevent federal habeas review of the unexhausted claims, *see* 28 U.S.C. § 2244(b) (second or "successive" petition rule); does he want to have the entire petition dismissed without prejudice, which, as addressed above may prejudice the exhausted claims as well, *id.*, § 2244(d)(1); does he want to move for a stay pursuant to *Zarvela* and *Rhines*;[2] or is the unexhausted claim of ineffective assistance of trial and appellate counsel procedurally barred and can petitioner establish cause and prejudice which would allow the Court to review said claim on the merits, *see Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *see also Aparicio v. Artuz*, 269 F.3d 78, 90

[1]Recently, the Supreme Court approved the use of the "stay and abeyance" approach of *Zarvela* but limited its use to those situations where petitioner can establish good cause for the failure to previously exhaust the unexhausted claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. ___, 125 S.Ct. 1528, 1534-35.

[2]If petitioner chooses to move for a stay, he must address the requirements for a stay as set forth in *Rhines*, 544 U.S. ___, 125 S.Ct. at 1534-35.

(2d Cir. 2001). At this time the only "choice" the Court can make is to dismiss the petition in its entirety, pursuant to *Rose*; a choice which may prevent petitioner's exhausted claims from being reviewed by the Court.

Accordingly, petitioner and his counsel will be afforded one final opportunity to re-file the enclosed § 2254 Response Form or advise the Court in some other manner how he wishes to proceed in this matter as directed above. Petitioner must re-file the § 2254 Response Form or otherwise advise this Court how he wishes to proceed in this matter by **November 4, 2005**. If petitioner fails to file the § 2254 Response Form or provide the Court with some indication as to how he will proceed in this matter in relation to the unexhausted claims by **November 4, 2005**, the petition will be dismissed without prejudice without further order or notice to petitioner's counsel.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

DATED: October 4, 2005
Rochester, New York