FILED
U.S. DISTRICT COURT
W.D.N.Y. BUFFALO

2006 JAN 27 AM 11:55

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL MCKEEHAN,

           Petitioner,

    -v-

ANTHONY ZON, Superintendent of the
Wende Correctional Facility,

           Defendant.

05-CV-0454E

MEMORANDUM and ORDER

On June 27, 2005, petitioner, who is represented by counsel, filed a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254, challenging a conviction entered in Steuben County Court. (Docket No. 1). The Petition raised the following six grounds for relief: (1) the trial court impermissibly admitted a statement by petitioner that was obtained in violation of petitioner's right against self-incrimination; (2) ineffective assistance of trial and appellate counsel; (3) the trial court impermissibly allowed testimony by petitioner's mother of prior incidents of violence and threatened by violence by petitioner; (4) the verdict was against the weight of the evidence; (5) the statutory provision under which petitioner was charged and convicted was unconstitutionally vague; and (6) the sentence imposed by the trial court was imposed in violation of petitioner's right to a jury trial. (Docket No. 1).

On July 5, 2005, the Court directed petitioner to inform the Court, by way of a "Petitioner's § 2254 Unexhausted Claims Response Form" ("§ 2254 Response Form"), how he wished to proceed in this matter because the petition acknowledged that, at least one

of the claims raised therein--*viz*., ineffective assistance of trial and appellate counsel (Docket No. 1, Petition, ¶ ¶ 22(b), 23)--had not been exhausted prior to the petition being filed.  Upon closer review of the petition, it also appears that petitioner acknowledged that the claim related to petitioner's sentence (*id*., ¶ ¶ 22(f), Ground six) may not have been exhausted either but, in later filings with the Court (Docket Nos. 3 and 6), petitioner only identified the ineffective assistance of counsel claims as being unexhausted and did not identify the improper sentence claim as being unexhausted.  This, however, could have been caused by the Court's previous Orders (Docket Nos. 2, 4 and 5), which noted that petitioner acknowledged that the only unexhausted claims were the ineffective assistance of trial and appellate counsel ones.

The petition noted that petitioner was unable to present the grounds of ineffective assistance of appellate counsel prior to filing the instant petition, and that petitioner's appellate counsel failed to raise on direct appeal the issue of ineffective assistance of trial counsel.  (Docket No. 1, Petition, ¶ 23).  The petition also stated that petitioner did not become aware of trial counsel's disbarment until after petitioner's state court direct appeal had been resolved, and although petitioner did not raise the improper sentencing claim on appeal, appellate counsel had explored it but abandoned it for reasons unbeknownst to petitioner.  (*Id*.).

Because of the unexhausted claims raised in the petition, petitioner was directed to identify what claims were unexhausted and to specifically note on the § 2254 Response Form which one of four options he wished to proceed under.  (Docket No. 2).  The First Option offers a petitioner the opportunity to file an amended petition which raises only

those grounds that are exhausted and informs petitioner of the second and successive petition "rule" under 28 U.S.C. § 2244(b).  The Second Option offers a petitioner the opportunity to choose to withdraw the entire petition to permit him to return to state court and exhaust the unexhausted claims, and informs petitioner of the one-year period of limitations and tolling provisions set forth in 28 U.S.C. § 2244(d)(1)-(2).  The Third Option informs petitioner of the stay and abeyance approach, *see Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.), *cert denied sub. nom Fischer v. Zarvela*, 534 U.S. 1015 (2001); *see also Rhines v. Weber*, ---U.S. ---, 125 S.Ct. 1528, 1534-35, 161 L.Ed.2d 440, 450 (2005) (approving the stay and abeyance approach of *Zarvela* but only in those situations where there was a showing of "good cause" for the petitioner's failure to exhaust the claims in state court and that the unexhausted claims are not "plainly meritless.").  The Fourth Option informs a petitioner that if he is procedurally barred from now exhausting the unexhausted claims in state court, he would need to establish cause and prejudice before the Court could review the procedurally barred claims.

On August 4, 2005, petitioner filed a § 2254 Response Form (Docket No. 3), and while petitioner identified what claim he asserts was unexhausted--*viz.*, ineffective assistance of trial and appellate counsel--he failed to indicate which one of the four Options set forth in the Response Form he wished to proceed under or to identify some other method for dealing with the unexhausted claims and, therefore, he left intact a "mixed" petition which contained both exhausted and unexhausted claims.  Because the Court cannot grant a mixed petition, 28 U.S.C. § 2254(b)(1); and because *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), dictates the dismissal without prejudice

3

of a mixed petition, the Court provided petitioner an additional opportunity to fully complete the § 2254 Response Form and to choose an Option that he wished to proceed under or to take whatever action he deemed necessary to preserve the unexhausted claim raised in the petition. (Docket No. 4).

Petitioner failed to re-file the § 2254 Response Form or to advise the Court how he wished to proceed in this matter within the time period set forth by the Court (by September 12, 2005), but because of the holding in *Rose*, 455 U.S. at 522, and the Court's concern with prejudicing the exhausted claims raised in the petition, the Court did not *sua sponte* dismiss the mixed petition.[1] However, because of the Anti-Terrorism and Effective Death Penalty Act's enactment of a one-year limitations period, codified at 28 U.S.C. § 2244(d)(1), and the subsequent holding in *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), that the time during which a federal habeas petition was pending in federal court is not tolled for statute of limitations purposes, *see* 28 U.S.C. § 2244(d)(2), a dismissal of the entire petition without prejudice, as called for in *Rose,* could prejudice the exhausted claims raised in the petition because by the time petitioner exhausted the unexhausted claims in state court and re-filed the petition in this Court the one-year period of limitations might have expired. *See Zarvela*, 254 F.3d at 380-82 (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court "where an outright dismissal 'could jeopardize the timeliness of a collateral attack." ').

---

[1] In *Rose*, the Supreme Court held that federal district courts should dismiss without prejudice mixed petitions and provide petitioners the opportunity to return to state court to exhaust the unexhausted claims raised in their federal habeas petitions before re-filing their habeas petitions in federal court or amending the habeas petition to present only exhausted claims. *Id.* at 510, 522, 102 S.Ct. at 1199, 1205, 71 L.Ed.2d 379.

4

In order to ameliorate the potential prejudice if the district courts were to dismiss an entire petition under *Rose*, the Second Circuit and other Circuit Courts advised district courts to exercise its discretion in appropriate cases to stay the exhausted claims raised in the petition, dismiss without prejudice the unexhausted claims so as to allow those claims to be exhausted in state court and allow petitioner to reinstate the previously dismissed unexhausted claims after they were exhausted, provided petitioner complied with certain conditions, *e.g.*, commence state court exhaustion proceedings within 30 days and return to federal court within 30 days after completion of exhaustion proceedings. *Zarvela*, 254 F.3d at 381-382.[2]

Because dismissing the entire petition likely would have prejudiced the exhausted claims raised in the petition, the Court provided petitioner with another opportunity to either re-file a § 2254 Response Form or somehow advise the Court how he wished to proceed in this matter because, as the petition then stood, the only option the Court appeared to have was to dismiss the petition in its entirety without prejudice, which could have forever prevented petitioner from having his federal claims addressed in this Court under 28 U.S.C. § 2254. (Docket No. 5).

Petitioner was again told that before the Court could proceed in this matter, other than simply dismissing the mixed petition pursuant to *Rose*, the Court must know how he wanted to proceed. (Docket No. 5). Did he simply want to file an amended petition withdrawing the unexhausted claim or claims, which may later prevent federal habeas

---

[2]Recently, the Supreme Court approved the use of the "stay and abeyance" approach of *Zarvela* but limited its use to those situations where petitioner can establish good cause for the failure to previously exhaust the unexhausted claims and that the unexhausted claims are not "plainly meritless." *Rhines*, ---U.S. ---, 125 S.Ct. 1528, 1534-35.

review of the unexhausted claim or claims, *see* 28 U.S.C. § 2244(b) (second or "successive" petition rule); did he want to have the entire petition dismissed without prejudice, which, as addressed above, may have prejudiced the exhausted claims as well, *id.*, § 2244(d)(1); did he want to move for a stay pursuant to *Zarvela*, 254 at 380-82, and *Rhines v. Weber*, ---U.S.---, 125 S.Ct. 1528, 1534-35, 161 L.Ed.2d 440, 450 (2005); or was the unexhausted claim of ineffective assistance of trial and appellate counsel (and possibly the sentencing claim) procedurally barred and could petitioner establish cause and prejudice which would allow the Court to review said claims on the merits, *see Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *see also Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001).

Petitioner was therefore afforded an additional opportunity to re-file a § 2254 Response Form or advise the Court in some other manner how he wished to proceed in this matter.  He was advised that if he failed to re-file the § 2254 Response Form or provide the Court with some indication as to how he would proceed in this matter in relation to the unexhausted claims by a certain date, the petition would be dismissed without prejudice without further order or notice.  (Docket No. 5).

Petitioner was also advised that if he wished to move for a stay of the petition pursuant to *Zarvela*, 254 F.3d at 38–82 (Option Three), he would have to address the requirements set forth by the Supreme Court in *Rhines*, 125 S.Ct. at 1534, 161 L.Ed.2d at 450.  (Docket No. 5, Memorandum and Order, n. 2).  In *Rhines*, the Supreme Court approved the stay and abeyance approach set forth in *Zarvela*, and decisions from other circuits, but only where there was a showing of "good cause" for the petitioner's failure to

6

exhaust the claims in state court and that the unexhausted claims are not "plainly meritless." 125 S.Ct. at 1535; 161 L.Ed.2d at 450. *See also Faden v. Annetts*, 05 Civ. 1850 (BSJ) (DF), 2005 U.S. Dist. LEXIS 14910, at *2 (S.D.N.Y. July 26, 205) (denying request for stay without prejudice to renew upon a showing of (1) good cause for petitioner's failure to exhaust the new claims, (2) that the claims either relate back to the originally pled claims, or petitioner was not able to raise the new claims in the original petition, and (3) that the new claims are "potentially meritorious" on federal habeas corpus review).

On October 13, 2005, petitioner's counsel re-filed the § 2254 Response Form,[3] noted on the Form that the unexhausted claims raised in the petition were the ineffective assistance of trial and appellate counsel and indicated that he was choosing Option Three, thereby requesting a stay of the petition pursuant to *Zarvela*.[4]  While petitioner finally indicated how he wished to proceed in this matter, he did not, as directed, address the standard for granting a stay under *Rhines*.  While the petition did implicitly address the

---

[3]This filing was either a tardy response to the Court's Order, filed August 17, 2005 (Docket No. 4), or a timely response to the Court's Order, filed October 4, 2005 (Docket No. 5). Also, on November 4, 2005, petitioner's counsel filed a Timeliness Response Form (Docket No. 7), which must have been sent to him inadvertently by the Clerk's Office along with the Court's Order of October 4, 2005. The Timeliness Response form noted that state court exhaustion proceedings were filed on September 30, 2005, with respect to the ineffective assistance of trial and appellate counsel claims.  (Docket No. 7).

[4]Option Three on the § 2254 Response Form specifically states that:
Petitioner asks the Court  to dismiss his unexhausted claims and stay this petition in order to permit him to exhaust his state court remedies with respect to the unexhausted claims for habeas relief. *See Zarvela v. Artuz*, [254 F.3d 374] (2d Cir. June 14, 2001). Petitioner has been informed that this choice means that the stay is conditioned on petitioner's initiation of exhaustion within 30 days, and his return to the district court within 30 days of the completion of the effort to exhaust. **The petitioner acknowledges that the above list of unexhausted claims are the claims which should be dismissed for exhaustion purposes. Petitioner also recognizes that standard rules for amendment under Fed. R. Civ. P. 15, including the "relation back" rules of Rule 15(c), will be applicable to his request to amend the petition to include the dismissed claims, once they are exhausted.** *See Zarvela*, [254 F.3d at 381-82].

*Rhines* standards (Docket No. 1, Petition, ¶ 23), it did not to such a degree that would allow the Court, in its discretion, to find that petitioner had good cause for failing to exhaust his state court remedies with respect to the unexhausted claims set forth in petition, and that said claims were not plainly meritless.  In the absence of such a showing, it would be an abuse of the Court's discretion to grant a stay.   *See Bryant v. Greiner*, NO. 02CIV.6121(RMB)(RLE), 2005 WL 3071476 (S.D.N.Y. Nov 15, 2005).  Without a showing that there was good cause for failing to exhaust and that the unexhausted claims are not plainly meritless, the Court cannot grant a stay.  At the same time, however, if petitioner were to withdraw the instant petition and re-file it after exhausting the unexhausted claims, or if the Court were to dismiss the petition without prejudice under *Rose*, 455 U.S. at 522, 102 S.Ct. at 1205, 71 L.Ed.2d 379, any new petition may well be outside the one-year statute of limitations.  *See Duncan*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251.

Accordingly, petitioner's request for a stay, as set forth in his latest § 2254 Exhaustion Response Form (Docket No. 6), is DENIED without prejudice to re-filing a similar request by **March 1, 2006**, together with a showing 1) of good cause for failure to exhaust the unexhausted claims, and 2) that the unexhausted claims are not plainly meritless.

SO ORDERED.

Dated:  _____/ /26_____, 2006
Buffalo, New York

WILLIAM M. SKRETNY
United States District Judge

8