-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

06 MAR 30 AM 10: 37

---

MICHAEL A. MCKEEHAN,

        Petitioner,

-v-                                  05-CV-0454E

                                  **ORDER**

ANTHONY ZON,
Superintendent of the Wende Correctional Facility,

        Respondent.

---

On June 27, 2005, petitioner, who is represented by counsel, filed a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254, challenging a conviction entered in Steuben County Court. (Docket No. 1). The petition contained both exhausted and unexhausted claims. (Docket No. 2, Order, p. 1). On July 5, 2005, the Court directed petitioner to inform the Court, by way of a "Petitioner's § 2254 Unexhausted Claims Response Form" (" Response Form"), how he wished to proceed in this matter because as the petition acknowledged one (or two) of the claims raised therein-- viz., ineffective assistance of trial and appellate counsel (Docket No. 1, Petition, ¶ ¶ 22(b), 23)--had not been exhausted prior to the petition being filed.

On August 4, 2005, petitioner filed a Response Form (Docket No. 3), which identified what claim or claims he asserted were unexhausted--viz., ineffective assistance of trial and appellate counsel--, but failed to indicate which one of the four Options set

forth in the Response Form[1] he wished to proceed under or to identify some other method for dealing with the unexhausted claims. He, therefore, left intact a "mixed" petition which contained both exhausted and unexhausted claims. Because the Court cannot grant a mixed petition, 28 U.S.C. § 2254(b)(1); and because Rose v. Lundy, 455 U.S. 509 (1982), dictates the dismissal without prejudice of a mixed petition, the Court provided petitioner a second opportunity to fully complete the § 2254 Response Form and to choose an Option that he wished to proceed under or to take whatever action he deemed necessary to preserve the unexhausted claim or claims raised in the petition.  (Docket No. 4).

After additional opportunities were provided to petitioner to clarify how he wished to proceed in this matter (Docket Nos. 4,5), petitioner's counsel filed an additional Response Form which indicated that petitioner wished to request a stay of the exhausted claims under Zarvela v. Artuz, 254 F.3d 374 (2d Cir.), *cert. denied sub. nom.* Fischer v. Zarvela, 534 U.S. 1015.  (Docket No. 6).

In Zarvela, the Second Circuit, in order to ameliorate the potential adverse consequences caused by the "new" statute of

---

[1]The four options were: (1) file an amended complaint and withdraw unexhausted claims; (2) withdraw petition and return to state court to exhaust, with notice of the statute of limitations issue under 28 U.S.C. § 2244(d)(1); (3) request a stay of the exhausted claims to allow petitioner to return to state court to exhaust unexhausted claims, see Zarvela v. Artuz, 254 F.3d 374 (2d Cir.), *cert denied sub. nom* Fischer v. Zarvela, 534 U.S. 1015 (2001); and (4) if petitioner's unexhausted claims were procedurally barred, advising him that he would need to show cause and prejudice before court could review said claims. (Docket No. 3, Petitioner's Reply/Response).

2

limitations for habeas corpus proceedings if a mixed petition had to be dismissed without prejudice under Rose, held that a district court presented with a mixed petition may exercise its discretion "either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition" subject to certain time limitations. Zarvela, 254 F.3d at 381.

Because petitioner's Response Form requesting a stay did not adequately address the requirements set forth by the United States Supreme Court in Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1534-35, 161 L. Ed. 2d 440, 450 (2005), in relation to what a petitioner must show in order to be entitled to a Zarvela-type stay, the Court denied the request for a stay without prejudice to re-filing upon a showing 1) of "good cause" for failure to exhaust the unexhausted claims, and 2) that the unexhausted claims are not "plainly meritless." See Rhines, 125 S.Ct. at 1534; see also Bryant v. Greiner, NO. 02CIV.6121(RMB)(RLE), 2005 WL 3071476 (S.D.N.Y. Nov 15, 2005) (Without the showing required under Rhines, it would be an abuse of discretion for the court to grant a stay). (Docket No. 9, Order).

Petitioner has now filed a renewed motion for a stay. (Docket No. 10, Response to Order of Court). His counsel first notes that petitioner has now fully exhausted his ineffective assistance of appellate counsel claim, and that a motion in Steuben County County seeking to vacate the conviction on the ground of ineffective

3

assistance was denied and that an appeal of that denial is now pending. (Id., ¶¶ 6-7).

Petitioner's renewed request for a stay also submits that his ineffective assistance of trial counsel claim is based on claims that (1) trial counsel had been disbarred in close proximity to petitioner's state court trial, (2) trial counsel did not attempt to refute or mitigate the effects of an extremely damaging statement made by petitioner, which formed the only connection between petitioner and the injuries suffered by the victim, (3) trial counsel failed to call a favorable witness to testify, and (4) trial counsel did not inform petitioner of a plea offer until the eve of trial; an offer that counsel rejected before discussing it with petitioner. (Id., ¶ 11(a)-(d).)

Petitioner's counsel further submits that when he was first retained by petitioner there was only one month remaining on the statute of limitations clock for this habeas proceeding, see 28 U.S.C. § 2244(d)(1)(A), that the claims of ineffective of assistance of counsel had not been previously exhausted by petitioner's appellate counsel, that petitioner was unrepresented between the time his request for leave to appeal from the conviction to the New York Court of Appeals was denied and retention of his present counsel, and that petitioner should not be held responsible for the failure of his appellate counsel to raise

on direct appeal trial counsel's alleged ineffectiveness. (Docket No. 10, ¶ ¶ 8-10).

In Rhines, the Supreme Court stated that "it would likely be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in dilatory litigation tactics...In such a case, the petitioner's interest in obtaining a federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." 125 S.Ct. at 1535.

Recently, United States Magistrate Judge Andrew Peck of the Southern District of New York addressed the issue of "good cause" in a Report and Recommendation and found that other than dicta in Pace v. DiGuglielmo, ---U.S.---,125 S.Ct. 1807, 1813, 161 L.Ed.2d 669 (2005), that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court[,]" there was little to no guidance as to the definition of "good cause" under Rhines. Fernandez v. Artuz, 00 Civ. 7601 (KMW) (AJP), 2006 WL 121943, at *4-5 (S.D.N.Y. Jan. 18, 2006). Magistrate Judge Peck commented that a few district courts had analogized the "good cause" standard with the "cause" showing required to overcome a procedural bar, but

5

that others had rejected the comparison. Fernandez, 2006 WL 121943, at *16 (citations omitted).[2]

In the absence of any guidance, Magistrate Judge Peck noted that the petitioner's habeas petition and N.Y.C.P.L. § 440.10 motion were brought before "Rhines changed the virtually automatic Zarvela stay standard", and that there was no evidence that the petitioner had "'engaged in intentionally dilatory litigation tactics[,]'" an important factor in the Supreme Court's decision in Rhines . Fernandez, 2006 WL 121943, at *19-20 (citation omitted). Based on these factors, and his finding that petitioner's unexhausted claims were not "plainly meritless," Magistrate Judge Peck concluded that the petitioner satisfied the Rhines "good faith" standard and stayed the exhausted claims pending exhaustion of the unexhausted claim.

This Court similarly finds that petitioner is entitled to a stay in this matter. His counsel notes that the ineffective assistance of appellate counsel claim has been exhausted and that the ineffective assistance of trial counsel claim is close to being fully exhausted.[3] Moreover, the petition herein was filed less

---

[2] A District Judge in the Eastern District of Pennsylvania has concluded that the good cause standard "falls somewhere between the 'lower threshold of unfairness,' and the "higher standard of extraordinary circumstances, necessary for equitable tolling in capital cases." Baker v. Horn, 383 F.Supp.2d 720, 747 (E.D.Pa.2005).

[3] See Riner v. Crawford, NO. 3:99-CV-0258-ECR-RAM, 2006 WL 456774, at *3 (D.Nev. Feb 03, 2006) (noting that five district courts have found that alleged ineffective assistance of counsel during post-conviction proceedings constitutes good cause for failure to exhaust claims in state proceedings, and three have found that it does not, but without much discussion of the matter) (citations

than a month after Rhines was issued and shortly before the statute of limitations was to expire. There is simply no evidence that petitioner, who retained counsel shortly before the expiration of the statute of limitations, has engaged in any intentional dilatory tactics.[4] Lastly, the allegations of petitioner's ineffective assistance of trial counsel claim are, at the least, sufficient enough so as not to be considered "plainly meritless." The Court, therefore, finds that petitioner is entitled to a stay of the petition's exhausted claims until such time as he has completed the state court exhaustion process relative to his ineffective assistance of trial counsel claim.

Accordingly, this Court will exercise its discretion to stay proceedings with respect to petitioner's exhausted claims, and to dismiss without prejudice his unexhausted claim of ineffective assistance of trial counsel. If petitioner returns to this Court **within 30 days** of the conclusion of his currently pending state court exhaustion proceedings, he will be permitted to amend his petition to reinstate the ineffective assistance of trial counsel claim and such amendment will relate back to the date of the original petition. See Zarvela, 254 F.3d at 381-382.

---

omitted).

[4] Due to the number of attempts to have before it a petition that was not subject to dismissal under Rose, 455 U.S. at 522, the Court has not yet directed that the petition be served on respondent nor directed a response to the petition.

If petitioner does not return to this Court by way of written notice of the completion of the state court exhaustion proceedings and a request to reinstate the dismissed ineffective assistance of counsel claim **within 30 days** of the conclusion of said exhaustion proceedings, this stay may later be vacated *nunc pro tunc* as of the date the stay was entered. See id. Accordingly,

IT HEREBY IS ORDERED, that to the extent petitioner's claim of ineffective assistance of trial counsel is unexhausted, the claim is dismissed without prejudice subject to the condition that petitioner return to this Court within 30 days of the completion of the effort to exhaust;

FURTHER, that this petition is stayed pending petitioner's exhaustion of the dismissed claims.

**SO ORDERED.**

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   March 29, 2006
         Rochester, New York