FILED                                    -PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK            08 APR -2 PM 3: 32

U.S. DISTRICT COURT
W.D.N.Y.-BUFFALO

MICHAEL A. MCKEEHAN,

        Petitioner,

        v.                                      **ORDER**
                                                  05-CV-0454A(F)

ANTHONY ZON, Superitendent of the
Wende Correctional Facility,

        Respondent.

On March 30, 2006, the Court (Hon. Michael A. Telseca), after a number of attempts to clarify how petitioner's counsel wished to proceed in light of the "mixed" petition that had been filed herein, stayed the petition, pursuant to Rhines v. Weber, 544 U.S. 269 (2005) and Zarvela v. Artuz, 254 F.3d 374 (2001, and dismissed without prejudice the one remaining unexhausted claim based on the alleged ineffective assistance of trial counsel.[1] (Docket No. 11). On February 12, 2008, the undersigned[2] entered an Order directing petitioner to notify the Court of the status of the state court "exhaustion" proceedings by March 8, 2008. (Docket No. 13). The Order granting petitioner a stay had noted that petitioner's counsel had advised the Court that petitioner's motion under N.Y.C.P.L. § 440.10 based on an ineffective assistance of trial

---

[1] At the time the stay was entered petitioner's counsel had exhausted a second unexhausted claim raised in the petition–ineffective assistance of appellate counsel--and that claim was, therefore, not dismissed from the petition.

[2] This matter has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B), for all proceedings necessary to a determination of the merits of the factual and legal issues presented by this action and of attendant scheduling decisions. (Docket No. 8).

counsel claim had been denied by the trial court and that a request for leave to appeal pursuant to N.Y.C.P.L. § 460.15 was pending. (Docket No. 11, Order at 3-4).

Because petitioner's counsel had not responded to the recent Order directing petitioner to notify the Court of the status of the state court exhaustion proceedings, the Court's Pro Se Office contacted the Clerk's Office of New York State Supreme Court, Appellate Division, Fourth Department and learned that petitioner's request for leave to appeal from the denial of his § 440.10 motion has been denied.[3] Accordingly,

IT IS HEREBY ORDERED:

1. The stay-and-abeyance order of March 30, 2006 (Docket No. 11), is hereby rescinded and the claims dismissed by that order are hereby reinstated in the case.

2. Respondent shall file and serve an **answer** to the petition, in accordance with Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts, no later than **May 20, 2008**.[4] Further, the answer shall state whether a trial or any pre-trial or post-trial evidentiary proceeding was conducted. If any such proceeding was conducted, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court the transcript of the proceeding, together with any

---

[3] This is not the first time petitioner's counsel has failed to respond timely to a direction from the Court. (Docket No. 5). Petitioner's counsel is hereby on notice that any further failure to respond timely or appropriately to an order of the Court will lead to sanctions against him.

[4] Because the petition filed initially was a mixed petition and because petitioner needed to choose how he wished to proceed in light of that, the Court did not order respondent to file a response to the petition. Now that it appears that petitioner has exhausted the claims raised in the petition and the stay is vacated, respondent shall now be directed to respond to the petition. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

2

record(s) of, and documents relating to, such proceeding, and such documents will be filed in the official record of this case.

Respondent also shall file and serve by the above date a **memorandum of law** addressing each of the issues raised in the petition and including citations of relevant supporting authority.

Within thirty (30) days of the date this order is served upon the custodian of the records, the Clerk of Court or any other official having custody of the records of the proceedings in Court at issue now before this Court shall submit such records to the respondent or respondent's duly authorized representative.

If petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court a copy of the briefs and record on appeal and the opinions of the appellate courts, if any, and such documents will be filed in the official record of this case.

Petitioner shall have thirty (30) days upon receipt of the answer to file a written response to the answer and memorandum of law.

Within thirty (30) days of the date this order is filed with the Clerk of Court, respondent may file a motion for a more definite statement or a motion to dismiss the petition, accompanied by appropriate exhibits which demonstrate that an answer to the petition is unnecessary.  The timely filing of such motion shall extend the time for filing an answer for fourteen (14) days, but the failure of the Court to act upon the motion within that time shall not further extend the time for filing an answer.

3

3.  The Clerk of Court shall serve a copy of the petition, together with a copy of this order and the orders entered on July 5, August 17, and October 4, 2005, March 30, 2006 and February 12, 2008 (Docket Nos. 2, 4, 5, 11 and 13) upon respondent Anthony Zon, Superintendent of Correctional Facility, and upon the Assistant Attorney General in Charge, 144 Exchange Street, Rochester, New York 14614.  To advise appropriate Steuben County officials of the pendency of this proceeding, the Clerk of Court shall also mail a copy of this order to the District Attorney of Steuben County.

SO ORDERED.

/s/ Leslie G. Foschio
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:   April 1st, 2008
         Buffalo, New York